**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 05 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10650 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00557-JW-1 |
| v. | |
| FLAVIO DE MORAIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted October 17, 2012
San Francisco, California

Before: B. FLETCHER,[**] HAWKINS, and MURGUIA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Betty Binns Fletcher, Senior Circuit Judge for the Ninth Circuit Court of Appeals, fully participated in the case and concurred in the judgment prior to her death.

Flavio De Morias entered into an agreement to plead guilty to one count of mail fraud on August 5, 2010. The district court awarded $161,149 in restitution to Bank of America. De Morais appeals this award of restitution. We affirm.

We do not decide whether De Morais waived his right to appeal the restitution order,[1] for even if the plea agreement did not waive his right to appeal, we affirm the sentence.

Because De Morais challenges for the first time on appeal the sufficiency of the evidence supporting the amount of restitution owed this challenge is subject to plain error review. *United States v. Bright*, 353 F.3d 1114, 1120 (9th Cir. 2004). The district court properly relied on the uncontested presentence report to determine the amount of restitution owed by De Morais. Fed. R. Crim. P. 32(i)(3)(A) ("At sentencing, the court: may accept any undisputed portion of the presentence report as a finding of fact."); *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc). Moreover, even if the district court did err, De Morais would not prevail under plain error review because he has not shown that "the error affected [his] substantial rights, that is, [that] the outcome of [his] sentencing was affected by the" the reliance on the PSR's determination of

---

[1]*See generally United States v. Tsosie*, 639 F.3d 1213, 1217-18 (9th Cir. 2011) (plea agreement provided insufficient notice to effectively waive right to appeal award of restitution)

restitution. *Ameline*, 409 F.3d at 1078. Because De Morais does not challenge the calculations in the PSR, his sentence would not have been different if court had made its own factual findings, rather than relying on the PSR.

De Morais challenged Bank of America's eligibility to receive restitution at the district court and we review the district court's decision for abuse of discretion. *United States v. Lazarenko*, 624 F.3d 1247, 1249 (9th Cir. 2010). While De Morais asserted that "there would probably be a truck load of evidence" that Bank of America was complicit in his fraud, he presented no such evidence. The district court was correct, and did not abuse its discretion, when it determined that De Morais lacked a "factual basis" for his claim.

Finally, De Morais has not presented any relevant evidence suggesting that he is entitled to discovery or an evidentiary hearing on Bank of America's alleged complicity. *See United States v. Abonce-Barrera*, 257 F.3d 959, 970 (9th Cir. 2001) (*Brady* discovery requires more than a "hunch" that exculpatory evidence exists). In fact, his plea agreement explicitly waives the right to further discovery. *See United States v. Ruiz*, 536 U.S. 622, 633 (2002) (plea agreement can waive discovery of evidence relating to affirmative defenses).

**AFFIRMED**.

3